**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:14CV-P148-GNS**

**CHARLENE SOYARS** *et al.*                                                **PLAINTIFFS**

**v.**

**UNITED STATES OF AMERICA** *et al.*                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiffs Charlene Soyars and Raymond Burch filed the instant *pro se* action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss the action.

**I.**

Plaintiffs Soyars and Burch filed this action on their own paper. Plaintiff Burch is currently a federal inmate at the United States Penitentiary in Atlanta, Georgia. Plaintiff Soyars appears not to be incarcerated currently. Plaintiffs sue the following Defendants: United States of America; Alex Wright, identified as "lead Investigator DTF";[1] and DTF, FBI, U.S. Marshals, and Kentucky State Police, each located in Bowling Green, Kentucky.

As the "Statement of Claims," Plaintiffs state as follows:

The defendants lead by Alex Wright, Lead the defendants to abuse cohoarse, and pursuade the plaintiffs and the plaintiff associates into making false statements and acquisations against each other and primarily Raymond Burch.

The defendants threaten each of the plaintiffs and associates with bodily harm, twisting arms, secluding them in rooms alone bullying them. They threatend them with the custody of there children and ever seeing them again. Forcing the plaintiff and there associates to make false acquisations so they would not be hurt.

---

[1] For purposes of this initial review, the Court presumes that "DTF" stands for Drug Task Force.

Under the heading "prayer for Reliefs," Plaintiffs state, "The plaintiff wish all State and Commonwealth of Kentucky charges to be dismissed with prejudice." They also request punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the trial court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. While the complaint indicates that Plaintiff Soyars is not a prisoner, because both Plaintiffs are proceeding *in forma pauperis*, the Court must review the action under the same standard. *See* 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608-09.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

Plaintiffs essentially request the Court to stop the pending state-court criminal case against them and award them damages.[2] The Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*, 401 U.S. at 44). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

The state has an important interest in adjudicating the criminal case. In light of the available avenues through which Plaintiffs may raise a constitutional challenge in the pending case, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiffs have failed to show that the state courts are unable to protect their interests at this time. Therefore, *Younger* abstention is appropriate with respect to Plaintiffs' claims.

---

[2] The Court notes that Plaintiff Burch also has a criminal case in this Court pending on appeal. *See United States v. Burch*, Criminal Action No. 1:08CR-52-TBR-1. On August 21, 2014, Plaintiff Burch received a revocation of his supervised release in that case and was sentenced to a term of twelve months and one day. Burch appealed the revocation, and the appeal is pending before the Sixth Circuit. Because Plaintiffs state specifically in the complaint that they seek the dismissal of state charges, the Court does not consider this action as challenging Plaintiff Burch's federal sentence.

*Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Therefore, the action will be dismissed for failure to state a claim without prejudice.

## IV.

The Court will enter a separate Order dismissing the action consistent with this Memorandum Opinion.

Date: April 9, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4416.010